

The following constitutes
the order of the court. Signed January 29, 2013

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                                Case No. 12-47945 MEH
RICHARD GONZALES, JR. and                            Chapter 7
DEANNA MECHELLE GONZALES,
                    Debtors/

MEMORANDUM DECISION

Paul J. Mansdorf, Chapter 7 Trustee ("Trustee") filed a motion for review and disgorgement of fees received by Debtors' counsel prepetition and turnover of non-exempt estate funds pursuant to Bankruptcy Code § 329 and Federal Rule of Bankruptcy Procedure 2017. Debtors' counsel, John Sargetis and United Law Center ("ULC"), oppose the relief.

**Background:**

Ten months prior to Debtors' bankruptcy filing they entered into an Attorney-Client Fee Agreement with ULC to represent them in an action against their mortgage lender for predatory lending (the "Fee Agreement"). The Fee Agreement terms are unusual and require Debtors to make an initial payment of $3,500 and monthly payments of $1,500 until resolution of the lawsuit. ULC shall also be paid one third of the gross recovery. To date, ULC has received $18,195 pursuant to the Fee Agreement. Ten months after the engagement ULC filed a Chapter 7 bankruptcy case on behalf of Debtors. The bankruptcy representation was undertaken for a flat fee of $2,500.

1

Debtors' Statement of Financial Affairs ("SOFA") reflected the pending litigation and disclosed ULC's receipt of $2,500 for bankruptcy-related services.  At filing, the schedules did not disclose the predatory lending litigation as an asset, the Fee Agreement with ULC, or the monthly expense for legal services.[1]  The SOFA did not disclose the monthly payments to ULC during the 90 days prior to the filing, or the additional compensation paid to ULC.  Similarly, ULC's Rule 2016 statement disclosed only the $2,500 received for the bankruptcy representation.

Through the 341 meeting of creditors and further inquiry, Trustee learned of the existence of the Fee Agreement and significant payments made pursuant to it, including a partial payment of $800 made on the petition date.  Based upon information provided to the Trustee, the Fee Agreement appeared to be for loan modification or spurious mortgage litigation services.  In opposition to the motion, ULC provided declarations with supporting documentation regarding the predatory lending litigation and their pre-bankruptcy representation of Debtors.  The U.S. Trustee took a 2004 exam of the Debtors, the transcript of which was submitted to the court.  The court requested additional briefing and held two hearings on the motion.

**Analysis:**

Sec. 329(b) authorizes the court to review any agreement for services rendered "in contemplation of or in connection with" the bankruptcy filing.  To the extent compensation exceeds the reasonable value of such services the court may cancel the agreement, or order the return of any payment that exceeds the value of services received. Bankruptcy Rule 2017(a) provides that the court may determine whether any payment by the debtor in contemplation of a bankruptcy filing is excessive.  The issue here is whether the predatory lending litigation was "in contemplation of or in connection with" the bankruptcy filing, and thus within the purview of this court pursuant to Sec. 329.  I find that it is not.

---

[1] Schedules B and C were amended to include the litigation as an exempt asset following the meeting of creditors.

Case: 12-47945    Doc# 45    Filed: 01/29/13    Entered: 01/30/13 16:06:10    Page 2 of 6

Litigation Services

The court applies a subjective test to determine whether fee payments were "in contemplation of" bankruptcy. *See In re Perrine*, 369 B.R. 571, 581 (Bankr. C.D. Cal. 2007). As set forth by the Supreme Court, the "controlling question" looks to the "state of mind of the debtor and whether the thought of bankruptcy was the impelling cause of the transaction. . . . If the payment or transfer was thus motivated, it may be reexamined and its reasonableness determined. Undoubtedly, while the question thus relates to the debtor's motive, the nature of the services which he seeks and for which he pays may be taken into consideration as it may throw light upon his motive." *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 477 (1933). Services directed at the prevention of bankruptcy necessarily contemplate bankruptcy as well. *See Id*. at 479.

Debtors initially consulted with ULC in November 2011. The Fee Agreement was signed on November 23 and 28, 2011 by the Debtors. At their 2004 exam, Debtors testified that they believe their current loan is illegal. They wanted to pursue their claims against the bank. In order to do so, they inquired of several attorneys about filing a suit. The other attorneys they spoke with were either unwilling to sue a major bank on these claims, or required a significant retainer. Debtors stated they did not have money for a large retainer but could make the smaller payments over time.

In December 2011, the complaint for predatory lending was filed. Through this litigation, ULC obtained a temporary restraining order prohibiting further foreclosure activity by lender. Prior to hearing on a preliminary injunction, they reached a stipulation with lender not to proceed with foreclosure during the parties' litigation and related discussions. There is no indication from the record that lender re-initiated foreclosure activity prior to this case filing. Instead, Debtors assert in their declarations and at the 2004 exam, that the bankruptcy filing was prompted by the default judgment obtained by a third-party against Mr. Gonzales and that creditor's efforts to extend the judgment to Ms. Gonzales. I note that this third-party is pursuing a nondischargeability action against the Debtors. It is important to note that filing of a Chapter 7 case halts enforcement of a judgment but provides only a brief respite from a mortgage lender's ability to enforce

3

its secured claim. Thus, I find on the facts presented that the Debtors' subjective intent when entering into and making payments pursuant to the Fee Agreement was not "in contemplation of" bankruptcy; as such Sec. 329 is not applicable.[2]

In the alternative, were Sec. 329 to apply, I find that the Debtors obtained reasonable value for the services provided prepetition. Prepetition, Debtors paid $18,195 to ULC pursuant to the Fee Agreement. ULC filed a complaint on their behalf, successfully defended against a demurrer, obtained a temporary restraining order and negotiated a stay of foreclosure proceedings while Debtors pursued recovery. ULC provided time records evidencing legal services provided of $22,640, based on Mr. Sargetis' lowest hourly rate of $400 for 58.7 hours, plus costs of $2,925.57. Thus, the compensation received prepetition does not exceed the reasonable value of services provided.

In so holding, I make no finding as to the merits of Debtors' litigation, or whether a future agreement on similar terms is in Debtors' best interests. The Bankruptcy Code simply does not provide me with authority to second guess every future financial decision made by Debtors.

Bankruptcy Services

The $2,500 paid by Debtors to ULC in connection with this bankruptcy case may be separately reviewed as a fee paid for services rendered or to be rendered in connection with the bankruptcy case pursuant to Bankruptcy Code § 329. ULC's representation included advice regarding preparation of schedules and the SOFA and representation of Debtors at the meeting of creditors. Due in part to the incomplete disclosure of Debtors pre-bankruptcy relationship with ULC on the schedules and SOFA, the Trustee brought this motion and the U.S. Trustee took a 2004 examination of Debtors. ULC has also had to defend itself against this motion.

Based on the evidence presented, and my ability to observe counsel during these proceedings, I do not have a basis to find the omissions were intended to mislead or hide information from the Trustee. However,

---

[2] This determination is necessarily based on the subjective intent evidenced by these Debtors, and is impacted by actions taken by counsel in response to Debtors' retention. My finding here should be regarded as an example of the exception rather than the rule in similar circumstances.

4

Case: 12-47945    Doc# 45    Filed: 01/29/13    Entered: 01/30/13 16:06:10    Page 4 of 6

the omissions have significantly complicated an otherwise straightforward Chapter 7 case. On this basis, I find the fees received for the Chapter 7 case exceed the reasonable value of services provided to Debtors in this case. Accordingly, ULC is directed to return $750 to the Chapter 7 Trustee for the benefit of the estate. In addition, ULC may not seek payment from Debtors for any fees or expenses incurred in defending this action resulting from the incomplete disclosures, including counsel's appearance at Debtors' 2004 examination. Concurrently with this Memorandum Decision the court is issuing an order requiring turnover of $750 to the Chapter 7 Trustee.

**END OF DECISION**

COURT SERVICE LIST

John S. Sargetis
Julie B. Gustavson
United Law Center
3013 Douglas Blvd. #200
Roseville, CA 95661

Paul Mansdorf
1563 Solano Ave. #703
Berkeley, CA 94707

Margaret H. McGee
Office of the U.S. Trustee
1301 Clay St. #690N
Oakland, CA 94612-5217